266 F.2d 931
 WONG KAY SUEY, Appellant
v.
William P. ROGERS, Attorney General of the United States, Appellee.
WONG POO SING, Appellant
v.
William P. ROGERS, Attorney General of the United States, Appellee.
Emily WONG, Appellant
v.
William P. ROGERS, Attorney General of the United States, Appellee.
 Nos. 14699-14701.
 United States Court of Appeals District of Columbia Circuit.
 Argued February 6, 1959.
 Decided May 14, 1959.
 
 Mr. Charles R. Richey, Washington, D. C., for appellants.
 Mr. Harry T. Alexander, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.
 Before EDGERTON, WILBUR K. MILLER and FAHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 After the submission of these cases involving questions of derivative citizenship, the court addressed a communication to counsel for the parties to the effect that in view of the importance of the evidence of the result of blood tests of Wong Yem and Wong Kay Suey, and of the relationships of the parties, the court desired counsels' advice as to the desirability of the cases being remanded to the District Court so that the record could be supplemented by evidence of blood tests of Wong Poo Sing; Wong Hung Hai, and Emily Wong. In response, counsel for the appellants and appellee have advised that they are agreeable to remand for the purpose stated. Counsel for appellee adds that if the cases are remanded we should direct that additional evidence be taken in other respects on the issue of paternity.
 
 
 2
 In view of the foregoing we shall remand the cases so that the record before the District Court may be supplemented by evidence of the results of the blood tests above suggested. See United States ex rel. Lee Kum Hoy v. Murff, 355 U.S. 169, 78 S.Ct. 203, 2 L.Ed.2d 177. Whether or not other evidence on the issue of paternity shall be received we leave to the sound discretion of the District Court.
 
 
 3
 The District Court may vacate its judgments, make additional findings, enter such other judgments, or take such other steps as might be appropriate in the circumstances which shall arise by reason of the remand.
 
 
 4
 In the event the District Court adheres to its earlier judgments in these cases, the appellants, if they be so advised, may within thirty days after such disposition by the District Court apply to this court to reinstate their appeals in these cases and to be allowed to file the supplemental record made on the remand.
 
 
 5
 It is so ordered.